IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | |
|---|---|
| DANNY CONRAD LACASSE, JR. | Cause No. CV-06-60-BU-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CERTAIN DEFENDANTS AND ORDER TO SERVE DEFENDANT PALLACH BY REQUESTING WAIVER OF SERVICE OF SUMMONS |
| ASHLEY HARRINGTON; TODD WHIPPLE; PETER OHMANN; ERIC KITZMILLER; SHERIFF THOMAS E. PALLACH; and the CITY OF BOZEMAN, GALLATIN COUNTY, MONTANA, | |
| Defendants. | *(Defendants please see D. Mont. L.R. 12.2)* |

_____

This matter is before the Court on Plaintiff Danny Conrad LaCasse, Jr.'s Complaint filed pursuant to 42 U.S.C. § 1983 seeking damages based upon allegations of constitutional violations while he was incarcerated at the Gallatin County Jail. (Court's Doc. No. 1). On July 5, 2007, the Court conducted an initial prescreening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. (Court's Doc. No. 15). The Court determined that Plaintiff needed to amend his Complaint in order to clarify his specific allegations against the

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS CERTAIN DEFENDANTS AND ORDER TO SERVE DEFENDANT PALLACH /
PAGE 1

named Defendants. Plaintiff was directed to specify what each individual did to violate his rights.

Plaintiff responded with an Amended Complaint form which simply refers to Plaintiff's original complaint (Court's Doc. No. 16), a letter of explanation (Court's Doc. No. 16-2) and a transcript of state court proceedings regarding his detention in the Gallatin County Jail. (Court's Doc. No. 16-4).

Based upon this additional information, the Court will complete the prescreening process.

## A. PARTIES

Plaintiff is a pro se litigant who was granted leave to proceed in forma pauperis on November 22, 2006. (Court's Doc. No. 9).

The named defendants are: (1) Todd Whipple, Chief County Attorney at the Gallatin County Attorney's Office; (2) Ashley Harrington, Deputy County Attorney at the Gallatin County Attorney's Office; (3) Peter Ohman, public defender with the Gallatin County Public Defender's Office; (4) Sheriff Thomas E. Pallach, Sheriff of Gallatin County; (5) Eric Kitzmiller, Deputy County Attorney at the Gallatin County Attorney's Office; and (6) the City of Bozeman, Gallatin County, Montana.

## B. ALLEGATIONS

Plaintiff alleges that the County Attorney's office (including Defendants Whipple, Kitzmiller and Harrington) caused his right to due process and access to the courts to be violated. He alleges that Sheriff Pallach refused to recognize his bond and held him illegally. Finally, he alleges that Peter Ohman mislead him "to his intent and the actions taken with" his case.

Based upon the transcript provided by Plaintiff, it appears that Plaintiff appeared in state district court in Gallatin County on August 24, 2005, on a fugitive complaint which contained criminal allegations against Plaintiff out of South Carolina alleged to have occurred in August 2002.  Plaintiff was represented by Peter Ohman at this hearing and the state was represented by Eric Kitzmiller.  At the hearing, Plaintiff indicated that he wished to challenge the extradition and the Montana state court issued a fugitive warrant committing Plaintiff to the Gallatin County Detention Center for a period "not to exceed 30 days unless he's recommitted for a period of 60 days if approved by the Court." (Court's Doc. 16-4, p. 7).  The Court set bail in the amount of $20,000.00.  (Court's Doc. 16-4, p. 14).  When the Court set bail, Mr. Ohman indicated that Plaintiff had attempted to post that bail but the jail would not allow him to do so.

On September 26, 2005, Plaintiff again appeared in the state district court to determine the status of the Governor's Warrant for Plaintiff's extradition.  Plaintiff was represented by Eric Brewer at this hearing and the state was represented by Ashley Harrington.  At the hearing, Ms. Harrington stated that although no request for a continuance had been made, Plaintiff, "was arrested, according to our records, on the 16th of August, so we are ten days into, roughly, the second 30-day period." (Court's Doc. No. 16-4, p. 17).

Later on September 26, 2005, Plaintiff again appeared in state court.  During that appearance, Defendant Harrington asked the Court to backdate an Order extending Plaintiff's commitment to the Gallatin County Detention Center from the expiration of the previous commitment (approximately September 15) for an additional thirty days. *Id. at 19.*  The Court declined to do so but found that Plaintiff had been served with a Governor's Warrant for

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CERTAIN DEFENDANTS AND ORDER TO SERVE DEFENDANT PALLACH / PAGE 3

Plaintiff's extradition to South Carolina.  Plaintiff indicated that he wanted to test the legality of his arrest by filing a writ of habeas corpus and the matter was set for October 5, 2005.

On October 21, 2005, Plaintiff appeared with his attorney Peter Ohman and the state was represented by Todd Whipple.  At the hearing, Mr. Ohman admitted that there was no legal basis for the petition.  The Court denied Plaintiff's request for different counsel, denied the petition for writ of habeas corpus and indicated that Plaintiff would be delivered to authorities from the State of South Carolina on the Governor's Warrant.  *Id. at 35*.

## C.  ANALYSIS

### 1.  Claims against the Gallatin County Attorneys

A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).  Plaintiff's allegations against Defendants Harrington, Whipple and Kitzmiller stem from their representation of the state at the various hearings on Plaintiff's extradition.  Despite being given the opportunity to amend, Plaintiff has not alleged that these defendants acted outside of their courtroom responsibilities in representing the State of Montana.  Therefore, these defendants are entitled to absolute immunity and the claims against them should be dismissed.

### 2.  Claims against Peter Ohman

Plaintiff's claims against his public defender, Peter Ohman, should also be dismissed.  A public defender, when appointed to represent an indigent defendant in the traditional adversarial role, is not a state actor and therefore not a proper party to a section 1983 action.  *See Miranda v.*

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CERTAIN DEFENDANTS AND ORDER TO SERVE DEFENDANT PALLACH / PAGE 4

*Clark County,* 319 F.3d 465, 468 (9th Cir.2003) (en banc) (quoting *Polk County v. Dodson,* 454 U.S. 312, 317-18, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)).  Accordingly, Mr. Ohman should be dismissed from this action.

    3.  <u>Sheriff Pallach</u>

Plaintiff has named Thomas E. Pallach in his individual and official capacity.  He alleges that, "Sheriff Pallach, as policy maker, refused to recognize my bond and held me illegally." (Court's Doc. No. 1, p. 5).  He contends that he was not allowed to post bond and was held from September 16, 2005, to September 26, 2005, without cause.  The Court finds that Plaintiff has set forth sufficient facts which, if proven, could raise possible claims against Defendant Pallach in his individual and official capacity.  Therefore, with liberal construction, the Court finds that Plaintiff's allegations warrant a response from Defendant Pallach.  Accordingly, the Complaint will be served on Defendant Pallach.

    4.  <u>The City of Bozeman</u>

The only specific allegation against the City of Bozeman is that it was, "responsible in that the supervisory of the county attorney's office is grossly inadequate.  Thus, allowing equity and civil rights to be violated." (Court's Doc. No. 1, p. 4).  There is no indication that the City of Bozeman has any connection with the criminal proceedings in this matter and it does not have authority or control over the Gallatin County Attorney's Office.  Accordingly, this defendant will be recommended for dismissal.

    Based on the foregoing, the Court enters the following:

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CERTAIN DEFENDANTS AND ORDER TO SERVE DEFENDANT PALLACH / PAGE 5

## RECOMMENDATION

Defendants Harrington, Whipple, Kitzmiller, Ohman and the City of Bozeman should be **DISMISSED.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Further, the Court enters the following:

### ORDER

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Pallach to waive service of summons by executing, or having his counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendant Pallach chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B).

2. The Clerk of Court shall forward a copy of the Complaint (Court's Doc. No. 1); the

Court's July 5, 2007 Order (Court's Doc. No. 15), and Plaintiff's Amended Complaint (Court's Doc. No. 16) to:

Marty Lambert
Gallatin County Attorney
615 South 16th, Room 202
Bozeman, MT 59715-4107

on behalf of Defendant Pallach.  If counsel does not represent Defendant Pallach, he should notify the Court's Pro Se Department immediately by calling the Missoula Clerk of the Court at 406-542-7260 and asking for the Pro Se Department.

Counsel for Defendant Pallach must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. See D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the

document was sent.  The sender must sign the certificate of service.

     5.  Plaintiff <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

     6.  Plaintiff shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this case without further notice.

     DATED this 28th day of September, 2007.

                                          /s/ Carolyn S. Ostby  
                                         Carolyn S. Ostby  
                                         United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    Marty Lambert
          Gallatin County Attorney
          615 South 16th, Room 202
          Bozeman, MT 59715-4107

      A lawsuit has been commenced by an incarcerated pro se plaintiff against Thomas E. Pallach whom the court believes you may represent. A copy of Plaintiff's Complaint and Amended Complaint are attached to this notice. These documents have been filed in the United States District Court for the District of Montana, Civil Action No. CV-06-60-BU-RFC-CSO. The Court has completed its pre-screening and concludes that Defendant Pallach must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

      This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshall's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

      If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      If you do not wish to waive service on behalf of Defendant Pallach, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                    /s/ Carolyn S. Ostby
                                    Carolyn S. Ostby
                                    United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: Danny Conrad LaCasse, Jr. v. Thomas E. Pallach, et. al., Civil Action No. CV-06-60-BU-RFC-CSO filed in the United States District Court for the District of Montana. Defendant Pallach has also received a copy of the Complaint and Amended Complaint. I am authorized by the following defendant(s) to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____; _____;

_____; _____;

_____; _____;

The above-named defendant(s) retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed. R. Civ. P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following defendant(s):

_____; _____;

_____; _____;

_____; _____;

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS