FILED
BILLINGS DIV.

2007 OCT 30  AM 10 53

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

| | | |
|---|---|---|
| DANNY CONRAD LACASSE, JR., | ) | CV-06-60-BU-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| ASHLEY HARRINGTON; TODD | ) | U.S. MAGISTRATE JUDGE |
| WHIPPLE; PETER OHMANN; ERIC | ) | |
| KITZMILLER; SHERIFF | ) | |
| THOMAS E. PALLACH; and the CITY | ) | |
| OF BOZEMAN, GALLATIN COUNTY, | ) | |
| MONTANA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 28, 2007, United States Magistrate Judge Carolyn S. Ostby entered her

Findings and Recommendation.  Magistrate Judge Ostby recommends this Court dismiss

Defendants Harrington, Whipple, Kitzmiller, Ohmann and the City of Bozeman.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to

file written objections.  28 U.S.C. § 636(b)(1).   In this matter, no party filed objections to the

September 28, 2007 Findings and Recommendation.  Failure to object to a magistrate judge's

1

findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). Plaintiff's allegations against Defendants Harrington, Whipple and Kitzmiller stem from their representation of the state at the various hearings on Plaintiff's extradition. Plaintiff has not alleged that these defendants acted outside of their courtroom responsibilities in representing the State of Montana.

Plaintiff's claims against his public defender, Peter Ohmann, also must be dismissed because a public defender, when appointed to represent an indigent defendant in the traditional adversarial role, is not a state actor and not a proper party to a Section 1983 action. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (quoting *Polk County v. Dodson*, 454 U.S. 312, 317-318 (1981).

Finally, the only specific allegation against the City of Bozeman is that it was, "responsible in that the supervisory of the county attorney's office is grossly inadequate. Thus, allowing equity and civil rights to be violated." There is no indication that the City of Bozeman has any connection with the criminal proceedings in this matter and it does not have authority or control

2

over the Gallatin County Attorney's Office.  Therefore, the City of Bozeman must also be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Harrington, Whipple, Kitzmiller, Ohmann and the City of Bozeman are **DISMISSED**.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the _30th_ day of October, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

3