IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | |
|---|---|
| DANNY CONRAD LACASSE, JR. | Cause No. CV-06-60-BU-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT PALLACH'S MOTION FOR SUMMARY JUDGMENT |
| THOMAS E. PALLACH, | |
| Defendant. | |

_____

Currently pending before the Court is Defendant's Motion for Summary Judgment. (Court's Doc. No. 21). The Court provided Plaintiff with a Notice and Warning to pro se litigants pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) on November 29, 2007 (Court's Doc. No. 26), but Plaintiff has not filed a response to Defendant's Motion.

## I. STATEMENT OF THE CASE

### A. Parties

Plaintiff is a pro se litigant who was granted leave to proceed in forma pauperis on November 22, 2006. (Court's Doc. No. 9).

The only remaining Defendant in this action is Thomas E. Pallach, a deputy sheriff and detective for the Gallatin County Sheriff's Office.

### B. Allegations

Plaintiff has named Thomas E. Pallach in his individual and official capacity. He alleges that, "Sheriff Pallach, as policy maker, refused to recognize my bond and held me illegally." (Court's Doc. No. 1, p. 5). He contends that he was not allowed to post bond and was held from September 16, 2005, to September 26, 2005, without cause.

### C. Factual Background

In and about August 2002, Plaintiff was charged with kidnapping and other crimes in the state of South Carolina. South Carolina issued warrants for Plaintiff's arrest in connection with these charges. (Court's Doc. No. 22–Statement of Undisputed Fact, ¶ 3). On July 17, 2005, Plaintiff was arrested on charges committed in the state of Montana. (Court's Doc. No. 22–Statement of Undisputed Fact, ¶ 5). Plaintiff was served with the South Carolina warrants on August 16, 2005. (Court's Doc. No. 22–Statement of Undisputed Fact, ¶ 6).

The Gallatin County Sheriff testified by affidavit that Plaintiff was still in custody on Montana charges when on August 24, 2005, he appeared in state district court in Gallatin County on a fugitive complaint which contained the 2002 criminal allegations against Plaintiff out of the state of South Carolina. At the hearing, Plaintiff indicated that he wished to challenge the extradition. Therefore, the state court issued a fugitive

warrant committing Plaintiff to the Gallatin County Detention Center for a period not to exceed 30 days from the date of arrest. (Court's Doc. 16-4, p. 7; Court's Doc. No. 25-2: Fugitive Warrant). The Court set bail in the amount of $20,000.00. (Court's Doc. 16-4, p. 14). When the Court set bail, Peter Ohman, court-appointed defense counsel, indicated that Plaintiff had attempted to post that bail but the jail would not allow him to do so.

On September 23, 2005, Defendant Pallach served Plaintiff with a Governor's warrant. (Court's Doc. No. 24: Pallach Affidavit, p. 2, ¶ 2; Court's Doc. No. 24-2: Governor's warrant). On September 26, 2005, Plaintiff again appeared in the state district court to determine the status of the Governor's Warrant for Plaintiff's extradition. Plaintiff was represented by Eric Brewer at this hearing and the state was represented by Ashley Harrington. At the hearing, Ms. Harrington stated that although no request for a continuance had been made, Plaintiff, "was arrested, according to our records, on the 16th of August, so we are ten days into, roughly, the second 30-day period." (Court's Doc. No. 16-4, p. 17).

On September 26, 2005, Plaintiff again appeared in state court. During that appearance, Ms. Harrington asked the Court to backdate an Order extending Plaintiff's commitment to the Gallatin County Detention Center from the expiration of the previous commitment (approximately September 15) for an additional thirty days. Id. at 19-20. The Court declined to do so but found that Plaintiff had been served with a Governor's

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT PALLACH'S MOTION FOR SUMMARY JUDGMENT -
CV-06-60-BU-RFC-CSO / PAGE 3

Warrant for Plaintiff's extradition to South Carolina. Plaintiff indicated that he wanted to test the legality of his arrest and filed a writ of habeas corpus. The Court ultimately denied Plaintiff's request for different counsel, denied the petition for writ of habeas corpus, and indicated that Plaintiff would be delivered to authorities from the State of South Carolina on the Governor's Warrant.

Defendant Pallach testified by affidavit that at no time prior to, during, or after Plaintiff was served with the Governor's warrant did Defendant Pallach discuss bail with Plaintiff. (Court's Doc. No. 24, p. 2, ¶ 4). Defendant Pallach also states that he has no authority to determine when inmates are released and had no authority to institute a policy regarding the posting of bond by inmates. (Court's Doc. No. 22, p. 1, ¶ 2).

## II. ANALYSIS

### A. Standard

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. However, if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

> The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

Anderson, 477 U.S. at 252.

In civil rights cases and in the context of a motion for summary judgment where

a litigant is proceeding pro se, the court has an obligation to construe pro se documents liberally and to afford the pro se litigant the benefit of any doubt.  Erickson v. Pardus, 127 S.Ct 2197, 2200 (2007) (per curiam); Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir. 1988).

Plaintiff did not file a response to Defendant's Motion for Summary Judgment. Local Rule 7.1(i) provides that a failure to file a brief by the opposing party shall be deemed an admission that the motion is well taken.  The Ninth Circuit has held that, "[a] district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule.  However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion." Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994)(per curiam) (internal citations omitted).

Given that Plaintiff is a pro se litigant, the Court will not deem Plaintiff's failure to respond as consent to the motion and will review Defendant's Motion to determine whether summary judgment is appropriate.

### B. Merits

Based upon the undisputed testimony presented by Defendant, Plaintiff's allegations fail on the merits.  Plaintiff's only allegation against Defendant Pallach is that he, as a policy maker, refused to recognize Plaintiff's bond and held him illegally.  First,

it is undisputed that Defendant Pallach is a deputy sheriff who has no authority to determine when inmates are released and no authority to institute a policy regarding the posting of bond by inmates. (Court's Doc. No. 24: Pallach Affidavit, p. 1, ¶ 2). Additionally, Defendant Pallach has testified that he had no conversations with Plaintiff regarding bail. (Court's Doc. No. 24: Pallach Affidavit, p. 2, ¶ 4). This testimony was undisputed by Plaintiff (since he did not respond to the motion for summary judgment) and as such, the Court finds that Defendant Pallach has no liability in this matter.

Furthermore, Defendant argues that Plaintiff was not held in excess of 30 days on the fugitive warrant and commitment. Defendant argues that the 30-day time period began to run on August 24, 2005, when the Court issued the fugitive warrant, not on August 16, 2005, as Plaintiff contends when he was served with the South Carolina warrants. Defendant contends that Plaintiff was in custody on Montana charges between August 16, 2005, and August 24, 2005. As this testimony is undisputed, the Court finds that Plaintiff was not illegally held and summary judgment is appropriate.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

Defendant's Motion for Summary Judgment (Court's Doc. No. 21) should be **GRANTED** and Plaintiff's Complaint should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 1st day of May, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge